UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF: CORE COMPASS LIMITED,<br><br>Applicant,<br><br>for the Issuance of a Subpoena for the Taking of a Deposition and the Production of Documents Under 28 U.S.C. § 1782 to EDYL Management LLC and Paul Lyden for Use in Foreign Proceedings | Case No.: 23-MC-735<br><br>**REPORT AND RECOMMENDATION TO GRANT APPLICATION TO CONDUCT DISCOVERY UNDER 28 U.S.C. § 1782** |

This Report and Recommendation is submitted to Chief United States District Judge Dana M. Sabraw pursuant to 28 U.S.C. § 636.  For the reasons discussed below, it is **RECOMMENDED** that the Application to conduct discovery under 28 U.S.C. § 1782 be **GRANTED**.[1]

---

[1] A magistrate judge's decision on an application for discovery under § 1782 is a dispositive matter for decision, which a district court treats as a non-binding recommendation subject to de novo review.  *CPC Patent Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 810 (9th Cir. 2022).

1

Core Compass Limited (the Applicant) has filed an ex parte Application to conduct discovery under 28 U.S.C. § 1782 and seeks an order from this Court allowing it to subpoena EDYL Management LLC (EDYL) and Paul Lyden to produce documents and testify at deposition.[2]  (ECF 1-4 at 21, 43, 65, 87.)  The Applicant seeks this discovery before it initiates legal proceedings in the Republic of Serbia against Boom Financial Management d.o.o. (Boom Financial).  The Applicant is registered in the Hong Kong Special Administrative Region.  (ECF 1 at 8.)  Boom Financial is registered in Serbia.  (ECF 1-3 at 2.)  EDYL is owned and operated solely by Lyden, who resides in Vista, California, which is in the Southern District of California.  (Declaration of Michael Jason Lee in Support of Core Compass Limited's Application to Conduct Discovery Pursuant to 28 U.S.C. § 1782 ("Lee Decl.," ECF 1-3)).

## I.   BACKGROUND

The Applicant, a payment processing facilitator, provides payment consulting services to internet business, or merchants.  (Declaration of Meri Leba in Support of Core Compass Limited's Application to Conduct Discovery Pursuant to 28 U.S.C. § 1782 ("Leba Decl.," ECF 1-2)).  The merchants provide products and services to internet businesses.  (*Id.* ¶ 3.)  At issue here is $262,437.52 allegedly owed to the Applicant and to one of the Applicant's merchants.  (*Id.* ¶¶ 10, 23.)  The Applicant hired a third-party payment processor, or paymaster, Boom Financial, to work as an intermediary in transactions.  (*Id.* ¶¶ 4-5.)  The first transaction for the Applicant by Boom Financial was processed on or about May 19, 2022, and the last on or about June 10, 2022.  (*Id.* ¶ 21.)  No fully executed agreement exists between the Applicant and Boom Financial.  (*Id.* ¶ 16.)

Payment processors like Boom Financial typically have an arrangement with an acquiring bank, here, Evolve Bank & Trust (Evolve).  (*Id.* ¶ 7.)  Boom Financial

---

[2] Generally, § 1782 applications brought by private parties are handled ex parte.  *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 911 (N.D. Cal. 2019).

2

23-MC-735

represented to the Applicant that its acquiring bank was in Serbia or Bulgaria and that the transactions at issue would, therefore, be acquired in one of those countries.³ (*Id.* ¶ 14.)

Once Boom Financial got funds from Evolve, it was to transmit them to the Applicant, less its fee. (*Id.* ¶¶ 8, 19.) Boom Financial has remitted no payments to the Applicant. (*Id.* ¶ 23.) In response to inquiries from the Applicant, Boom Financial stated that a processor named Cozeni Technologies Ltd. (Cozeni) had been involved in some of the Applicant's transactions and owed money to Boom Financial. (*Id.* ¶ 25.) According to the Applicant, Boom Financial and Cozeni appear to be owned and controlled by the same person—Rodney Hsu (who the Applicant believes controlled services between the Applicant and Boom Financial and merchant accounts issued by Evolve). (*Id.* ¶ 12, 18, & 26.)

According to the Applicant, Boom Financial received funds amounting to $262,437.52 directly from Evolve or from one or more entities that Boom Financial controls or subcontracts, including EDYL. (*Id.* ¶ 10.) Instead of transmitting funds to the Applicant, Boom Financial appears to have subcontracted to Hsu. (*Id.* ¶¶ 12, 18.)

After a district court in Tennessee granted the Applicant's § 1782 application there, which sought discovery from Evolve, documents were provided that showed a tie between EDYL's merchant account and Boom Financial. (*Id.* ¶ 31.) The Applicant believes that $67,111.76 of the $262,437.52 was processed through a merchant account held by EDYL. (*Id.*) The Applicant suspects that EDYL submitted its merchant application and related materials to get its merchant identification number by fraudulent pretenses. (*Id.* ¶ 33.) The Applicant believes that Boom Financial is misdirecting and operating a "shell game" to misappropriate funds. (ECF 1 at 12.)

---

³ Evolve's residence is in Memphis, Tennessee. (ECF 10 at 3.) The United States District Court for the Western District of Tennessee entered an "Agreed Order" that granted Core Compass's § 1782 Application for discovery from Evolve in *Core Compass Ltd. v. Evolve Bank & Trust*, No. 22-mc-00021-SHL-cgc (W.D. Tenn. Nov. 9, 2022).

## II. APPLICABLE LAW

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. . . . The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person . . . . The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). "Section 1782's statutory language has been distilled to permit district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

Even when an applicant satisfies each of the statutory requirements, a district court retains discretion to grant or deny discovery under § 1782. "A district court may consider the following factors in exercising its discretion: (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding'; (2) the nature of the foreign tribunal, the character of the proceedings underway, and the receptivity of the foreign tribunal to U.S. federal court assistance; (3) whether the § 1782(a) request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies'; and (4) whether the request is 'unduly intrusive or burdensome.'" *See In re Oh*, 22-mc-1649-DDL, 2023 WL 2890155, at *2 (S.D. Cal. Apr. 11, 2023) (quoting *Intel Corp.* v.

*Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)). "The party seeking the discovery bears the burden of establishing that the statutory requirements are met." *Id.*

### III.  DISCUSSION

#### A. Statutory Requirements

##### 1. Whether the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made

The Applicant seeks to depose and request documents from EDYL and Lyden. The Applicant has satisfied the statutory requirement that its § 1782 application to this Court has been made where Lyden resides or is found because Lyden both resides in and can be found in the Southern District (ECF 1-4 at 12). *See* 28 U.S.C. § 1782(a).

As to EDYL, the presence of company offices in a district despite out-of-district company headquarters can amount to "systematic and continuous local activities" sufficient for the company to be found in the district under § 1782. *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016); *see also Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO(TSH), 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (Section 1782's "found-in test is . . . satisfied if the target of discovery has a presence in a district." (citing *In re Super Vitaminas, S.A.*, No. 17-mc-80125-SVK, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (holding that having an office in the district where the application was filed is sufficient for the business to be found in the district under § 1782) and *In re TPK Touch Sols. Inc.*, No. 16-mc-80193-DMR, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016) (same))).

Although EDYL's principal address is in Sacramento, California (ECF 1-4 at 34), which is in the Eastern District of California, EDYL is solely owned and operated by Lyden, and according to the Applicant, Lyden performs all company business for EDYL at his home in Vista, California. (ECF 1 at 20.) The Applicant argues, and the Court agrees, that EDYL's office in Vista, where all EDYL company business is conducted, is

sufficient "systematic and continuous local activity" for EDYL to be found in the Southern District under § 1782.[4]  *See In re Qualcomm, Inc.*, 162 F. Supp. 3d at 1036.

### 2. Whether the discovery is "for use in a proceeding in a foreign or international tribunal"

"Section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings." *Intel Corp.*, 542 U.S. at 258.  Section 1782(a) requires only that a reviewable, dispositive ruling by an investigatory body be in "reasonable contemplation." *Id.* at 259.

Once the Applicant has the documents it seeks to request and has deposed Lyden, it intends to initiate legal proceedings against Boom Financial in Serbia.  (Lee Decl. ¶ 4.)  Thus, under § 1782, the requested discovery is for use in a reasonably contemplated lawsuit in Serbia against persons or entities (which the Applicant believes is Boom Financial) with the $262,437.52 that is owed to the merchant.  *See In re Eurasian Natural Res. Corp.*, No. 18-mc-80041-LB, 2018 WL 1557167, *1-2 (N.D. Cal. Mar. 30, 2018) (holding that under § 1782, a lawsuit in the United Kingdom was reasonably contemplated when the discovery requested was for a contemplated lawsuit against the persons or entities that the applicant in the case believed to be responsible for leaking a confidential letter to a reporter); *see also Palantir Techs., Inc.*, 415 F. Supp. 3d at 909-10, 912 n.3 (holding that although the applicant had not yet sued an investor regarding healthcare patents, based on the applicant's representation in declarations filed with the court, litigation in Germany regarding the healthcare patents was within reasonable contemplation).

---

[4] Courts in the Ninth Circuit have "grounded the availability of § 1782 on the corporation engaging in activity within the district, without conducting a personal jurisdiction analysis."  Paul W. Butler, Maka Y. Hutson, and Edward McNeilly, "Section 1782 Litigation:  Dissecting Personal Jurisdiction & Scope of 'Tribunal,'" Bloomberg Law (June 2019).

### 3. Whether the application is made by a foreign or international tribunal or "any interested person"

"A litigant in a foreign action qualifies as an 'interested person' under Section 1782." *Id.* at 911 (citing *Intel Corp.*, 542 U.S. at 256). An interested person may include any person who has a "reasonable interest in obtaining [judicial] assistance." *Id.* at 257 (alteration in original).

The Applicant in this case is an interested person because it is within reasonable contemplation that it will sue to recover the money it is allegedly owed. *See id.* at 912 (holding that the applicant was an "interested person" under § 1782 because although the applicant had not yet filed suit, it was within reasonable contemplation that it would do so).

## B. Discretionary Factors

### 1. Nonparticipant in Foreign Proceeding

"[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel Corp.*, 542 U.S. at 264. Because "nonparticipants in [a] foreign proceeding may be outside the foreign tribunal's jurisdictional reach," in the absence of discovery allowed under § 1782, a party part of a foreign proceeding may not have access to discovery from a non-party in the United States. *Id.* at 265.

The Applicant argues that this discretionary factor weighs in favor of granting the application because EDYL and Lyden will not be a party to the proceedings contemplated in Serbia. (ECF 1 at 21.) Thus, if the Court does not grant the application, it may not have access to discovery from EDYL and Lyden. (*Id.*) The Court agrees that this factor weighs in favor of granting the application.

### 2. Nature of Foreign Tribunal, Character of Proceedings Underway Abroad, Receptivity of Foreign Government to US Federal-Court Judicial Assistance

"This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Basic Court in Subotica Serbia*, No. 19-mc-80137-VKD, 2019 WL 2270445, *3 (N.D. Cal. May 28, 2019). "[I]n the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." *Palantir Techs.*, 415 F. Supp. at 915 (internal quotation marks omitted). In *In re Basic Court*, the foreign tribunal was clearly receptive to United States judicial assistance because the Serbian court itself had requested assistance getting discovery. *In re Basic Court*, 2019 WL 2270445, at *3. Thus, the court granted an ex parte application (with a modification) by the United States on behalf of the Serbia court under § 1782. *Id.*

As the Applicant argues, there is no reason to believe that a court in Serbia would not be receptive to the information the Applicant seeks here. *See id.* (addressing receptivity of German Court to U.S. federal-court judicial assistance and concluding there was "no basis to conclude that the German court would be unreceptive to the information requested by [the applicant]" when there was "'no indication as to whether the German court would be receptive to any Section 1782 assistance'" (quoting *Cryolife, Inc. v. Tenaxis Med., Inc.*, No. C08-05124 HRL, 2009 WL 88348, at *3 (N.D. Cal. Jan. 13, 2009) (citing *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011))). This factor also weighs in favor of granting the application.

### 3. Circumvention of Foreign Proof-Gathering Restrictions or Other Policies of a Foreign Country or the US

The Court agrees with the Applicant that there is nothing to suggest that the Applicant is trying to circumvent foreign proof-gathering restrictions or that it is otherwise requesting the discovery in bad faith or to harass. This factor also weighs in favor of granting the application. *See Intel Corp.*, 542 U.S. at 265.

### 4. Unduly Intrusive or Burdensome Request

"[U]nduly intrusive or burdensome requests may be rejected or trimmed." *Id.* At this juncture, there is no indication that the documents or depositions sought are overly burdensome or duplicative.

### IV.  CONCLUSION

The Applicant meets the statutory requirements of § 1782, and after considering the discretionary factors, it is **RECOMMENDED** that the Application to Conduct Discovery Pursuant to 28 U.S.C. § 1782 be **GRANTED**.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court no later than **July 17, 2023**.  The document should be captioned "Objections to Report and Recommendation."

Dated:  June 30, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge